Marshall, the Supreme Court is convened. You may be seated. Good morning. The first case on our call this morning is Agenda No. 1, Case No. 104-029, People of the State of Illinois v. Richard Gancarz. Ms. Hoffman, are you ready to proceed? Good morning, Your Honor. May it please the Court. Counsel. My name is Lisa Hoffman. I'm an Assistant State's Attorney in DuPage County, here this morning on behalf of the people of the State of Illinois. In June of 2000, the defendant, Richard Gancarz, drove his semi-tractor trailer through an intersection and hit a car killing a 17-year-old. At the time of the accident, the defendant was under the influence of cannabis and he was charged with, among other things, reckless homicide. The defendant was found guilty a few years later and sentenced in 2004. And by the time that the defendant was sentenced, there had been some significant changes to the reckless homicide statute, including the removal of the portion of the statute under which the defendant was found guilty and sentenced, sort of a wholesale removal of that portion of the statute and a renaming of it to place it into the vehicle code and name it as aggravated driving while under the influence. This change was the result, it appears, of this Court's decision in People v. Pamacalla in 2003 in which this Court found there to be an unconstitutional irrebuttable presumption in the reckless homicide statute when it came to driving while under the influence and causing the death of persons. So in an apparent effort to remedy that problem, the legislature moved that particular type of conduct of which the defendant was charged and found guilty and renamed it aggravated DUI, placed it in the vehicle code. The sentencing structure of 3 to 14 years, which resulted in the defendant's 14-year sentence, remains to this day with the aggravated DUI statute in the vehicle code. So at all times relevant at the time the offense was committed, at the time he was convicted, and at the time he was sentenced, the conduct for which the defendant was found guilty and sentenced carried a punishment of 3 to 14 years. There really isn't any question about that. The defendant, however, argued on appeal that he should be permitted to elect to be sentenced to a lesser sentence, namely a maximum of 7 years, because once the portion of the reckless homicide statute that involved driving while under the influence and killing people was taken out of reckless homicide, renamed aggravated DUI, what remains in reckless homicide is a maximum of 7 years. The defendant said that the election body of law should allow him to elect to be sentenced under that lower sentencing provision of the reckless homicide statute. The second district appellate court agreed with the defendant. The people argued in the appellate court, as we argue here, that this case is not an election case. It doesn't involve election law. The election body of law is designed for those circumstances in which it's clear that legislative intent, I would describe it sort of as the climate is such that the legislature has determined that the conduct for which a given person is convicted no longer should carry as severe a punishment. So we saw this primarily in the situation of determinant-indeterminant sentencing. When the state changed from determinant to indeterminant, that was obviously a big change in sentencing. Defendants got the opportunity to elect which one they would like to be sentenced under. Another example, a good example and easy for me to explain, is the theft statute, which the defendant cites in their brief, where at one point the $150 was the cutting-off point for misdemeanor versus felony theft. Well, as time went by, value changed, and at some point the legislature determined that $300 actually should be the cut-off for a misdemeanor, and then anything over $300 would be a felony. People convicted of theft during that point of time when the sentencing structure changed, well, if I'm convicted of theft for something $220, which would have previously been a felony, but now clearly the legislative intent, the climate, the will of the people, if you will, is that that value no longer should carry that strong of a penalty. So do I get an opportunity to elect to be sentenced under the new or lower sentencing structure? Yes. That's not what happened in this case. In this case, at all times, the conduct that Mr. Gankar's engaged in has been punishable by 3 to 14 years. It's true that it appears now in a different part of the Illinois compiled statutes. It's no longer in the criminal code, but now in the vehicle code. But at all points, his conduct was punishable by the same amount of time. So 14 years has never been found by the legislature to be an inappropriate sentence for his conduct. Counselor, was the defendant in this case charged with the offense of driving under the influence? Was that part of the elements of the offense? He was charged. The indictment did include that he was under the influence of cannabis at the time that he drove his car recklessly. Yes. The defense counsel, I think, seems to argue that the change was in the sentencing provision, not in the substantive offense. And the appellate court, I wasn't sure quite where they went with that. What's your take on that? The appellate court, I will address those in reverse order. The appellate court didn't exactly address, I guess they didn't squarely address the election question. They sort of said, yes, he gets to elect. They engaged in a discussion about the ability of the state to amend the indictment and went off on a little bit different of a path. So they said, yes, he gets the ability to elect. With respect to the question about whether these are sentencing enhancement factors or elements of the offense, I think the answer is that all of the law suggests that it's the nature of the offense. In fact, if you look at those appellate court cases where they talk about substantive changes to the statute, they talk about nature or substantive elements of the offense. These are, in fact, whether they're technically enhancement factors or elements, I guess in the generic way they're elements of the offense that the people needed to prove and did prove beyond a reasonable doubt. So they were cited in the indictment. They were proven beyond a reasonable doubt to the jury. And I don't think that there's any distinction to be drawn for purposes of the election body of law between whether Section E happened to be simply a sentencing enhancement or whether it's a true element of the offense. Well, this wasn't in the brief, and it's a question equally from Ms. Hamill, but 9-3-E specifically states that Class II sentencing is an option only where, quote, the defendant was determined to have been under the influence of alcohol or any other drug as an element of the offense. Yes. Well, doesn't that language preclude any argument that intoxication is not an element of the offense? Yeah, certainly. I would argue, yes, it does. I think that it's ‑‑ I certainly understand, I guess I understand why she made the argument that she made, but I think that it's belied both by the language of the statute and by sort of, again, the nature of the offense as a whole where we are ‑‑ we indicted that, proved that beyond a reasonable doubt to a jury. So is it your argument that the elements remain the same in the prior crime and the sentencing crime and all that really has changed is the name? Well, clearly there is a ‑‑ there is one element to the offense that is different, which is that when it was reckless homicide, you needed to prove recklessness. Recklessness no longer exists. So there's a substantive change in the statute, which is what the appellate courts, and I had not yet gotten to that, but the appellate courts post second district Gancars, the first district, and more recently the fourth district, I believe, in Calhoun. Oh, no, I'm sorry, that's also the first district. So the first district, it's the fourth district in Lush, found that, in fact, the body of law that should be looked to is whether or not there's a substantive change in the statute when the legislature made a change. And they found that because the act of recklessness no longer needs to be proven, obviously there's a substantive change, and therefore the law that controls is the statute as it existed at the time of the offense. So I guess our argument is ‑‑ I know, our argument is really two pronged. First of all, we don't believe this is an election case because, in fact, there's no suggestion that the legislature ever intended that there be a lesser punishment for the conduct that the defendant engaged in. And on the second prong of our attack is that, in any event, there's a substantive change to the statute and the law governing that tells us that if, in fact, there's a substantive change, that we look to the law, in effect, at the time that the offense occurred. If there are no further questions. There being none, thank you, Ms. Hummel. Thank you. Ms. Hummel. Good morning. I'm Kathleen Hummel, representing the defendant, Apolli. Richard Gancarsk, may it please the Court. The State argues that the defendant had no right to elect to be sentenced under the version of the ‑‑ Ms. Hummel, can I just address a couple of cases that I think the State just mentioned? People v. Martinez in the 1st District and less people v. less in the 5th District seem to have taken the position that because the changes were substantive, the defendant was not entitled to elect. How do you distinguish those cases? I'm afraid that I, with all due respect to the 1st District, I believe that those decisions are incorrect. Lush simply follows Martinez. Martinez, the flaw in Martinez is twofold. One is that Martinez fails to recognize that the essential elements of the offense of reckless homicide are addressed in Section 9-3A. They are set forth there in their entirety. The crime is committed by one who causes the death of another while operating a motor vehicle, engaging in acts that are likely to cause death or great bodily harm, and performs those acts recklessly. That is a crime of reckless homicide. The second problem with the decision in Martinez is that they analogize the situation to the one that was presented in People v. Land, which is a somewhat obscure 1st District decision, which was addressing the change that took place in the sex offense statutes in the early 80s. In those situations, the offense of rape was completely removed from the statute and then replaced by two different statutes, aggravated criminal sexual assault and criminal sexual assault. The essential elements were changed. The rape used to have to be committed by a man against a woman, not his wife. The woman, the victim's mind state was an essential element of the offense. All that was changed. The definition of penetration of force were both changed in that change, so that was huge. Here, the essential elements that are set forth in 9-3A are absolutely intact, both in the version of the statute that was, in fact, prior to the amendment and after it. In fact, this Court itself referred to 9-3E as a sentencing provision in the case of People v. Pamacala. What about the language that indicates element of the offense in 9-3E? I can't tell you how much I regret not having addressed that in my brief. I think that the only reasonable way to read the language, because it says more than that, it says that the defendant was determined to have been under the influence as an element of the offense or where the defendant is proven beyond a reasonable doubt to have been under the influence. I think if you look at the whole thing, it's obviously trying to address situations where a defendant has been charged with an offense in addition to reckless homicide, such as driving while under the influence and intoxication has been proven at the trial as a result of that other charge. Because if the legislature had intended to create a separate, aggravated form of reckless homicide, they wouldn't have done it this way. They would have said the defendant commits the offense when a person or the offense is committed when a person commits reckless homicide while under the influence of alcohol or drugs. Ms. Samuel, even if the statute were not explicit on the point as to elements, wouldn't Apprendi require both the state and the court to treat intoxication as an element of the offense to be proven beyond a reasonable doubt? I spent a lot of time poring over Apprendi to try to figure out what its implications were for this case. And I found very early on in the decision, the court says, and refers to the constitutionally novel and elusive distinction between elements and sentencing factors, and says the relevant inquiry is not one of form, not whether it is an element or a sentencing factor, but it is one of effect for the purposes of Apprendi, whether it's the required finding exposes a defendant to greater punishment. So what they were saying is anything that exposes a defendant to greater punishment than that that would be authorized by the jury's verdict must be proved beyond a reasonable doubt. They certainly do use the word elements throughout the decision. However, that was not the distinction between an element of the offense and an aggravating factor was not a critical point in Apprendi. It's not really a critical... Are you saying they wouldn't have to prove intoxication beyond a reasonable doubt? No, I'm saying that they would. And in this particular case, the state specifically charged intoxication in the indictment, right? They did. They do have the legal wording of the indictment. They did go on to prove that the defendant was intoxicated beyond a reasonable doubt. Yes, but they have to prove all... I mean, exceptionally brutal or heinous has not been made an essential element of crimes. We have to look at whether or not the defendant could have been convicted of reckless homicide after the amendment. That's what's important. That's what the Jackson case says, the theft case that we cited, which is this Court's decision. And there is no question but that he could have been. His conduct was criminalized under 9-3A both before and after the amendment. The only thing that changed was a sentencing provision, which says that, in fact, if you look at 9-3E, it says in cases where the defendant has been determined to have been under the influence as an element of the offense, and we really don't know if that is necessarily reckless homicide or any offense that was charged, and that under those circumstances the penalty shall be a Class II felony. And so it is most definitely a penalty provision. One thing that's really certain here, even if you don't totally agree with me about that, you must acknowledge that it's a very poorly written, ambiguous provision. Ambiguities must be construed in favor of lenity. And so this really, any, the odd word in subsection E must be construed in favor of Mr. Gankars. We recognize that the legislature probably did not intend to authorize that Mr. Gankars be able to elect to be sentenced as a Class III felon. However, the legislature drafted the amendment in a way that required that he be allowed to make that election. Did the legislature make these amendments in specific response to the constitutional defect? What they were trying to do was to avoid the impact of the Pamukkala decision, which removed the mandatory presumption that a person who is inebriated, or who has .8, I believe, or better, on his blood alcohol was reckless when he drove. In other words, they wouldn't have to prove any reckless acts. And that, when that presumption was taken out, the prosecutors were, faced then with the additional burden, really, of having to prove not only that the person was inebriated, but also that they committed a reckless act. And so by removing the intoxicated driving provisions from the reckless homicide statute and putting them, quite frankly, where I believe they belong, in the aggravated DUI and DUI statutes, because those are the statutes that address intoxicated driving. By doing that, they no longer had to prove the element of recklessness. Reckless homicide addresses, criminalizes reckless conduct. And here, the defendant, that is the gravamen of the offense. And that is the conduct which the defendant was punished for. He also was punished for having driven while intoxicated because he also was convicted of aggravated DUI. In light of the fact that the legislature did respond to the unconstitutional finding of the prior statute, in some instances, would the, if the amendment, if we find the amendment was substantive, that would erase the defendant's option for election? It would. It would. But we are saying that it may be a substantive change to a penalty provision, but not to the essential elements of reckless homicide, which, again, address recklessness and not inebriation. In our brief, we also argue that the court erred in granting the relief that it did. However, and that was that the court said that the defendant should be resentenced for aggravated DUI rather than reckless homicide. It has occurred to me since I was working on this oral argument that the appellate court's error may have been its conclusion that the defendant could not be convicted of both reckless homicide and aggravated DUI under the one act, one crime rule. And that is because if I am correct that intoxication is not an element of reckless homicide, then the defendant arguably could be convicted of reckless homicide for having driven recklessly and caused death and aggravated DUI for having driven well under the influence and caused great bodily harm. However, we also argued in our brief that the defendant's aggravated DUI conviction was not properly before this court on this appeal because the defendant did not appeal from his aggravated DUI conviction. It was merged into the reckless homicide conviction because the trial court was under the impression that intoxication was an element of reckless homicide. So based on that argument that we make in our brief, we respectfully ask this court to affirm the appellate court's holding that the defendant had a right to elect and to remand this case only for resentencing of the defendant for reckless homicide as a class 3 felony. But if this court finds that both of the convictions are properly before it on this appeal, then we would ask that this case be remanded for resentencing for both the class 3 felony of reckless homicide and also the class 4 felony of aggravated DUI. Thank you, Ms. Schimel. Rebuttal, Ms. Hoffman. Just very briefly, I want to address just a couple of things that she said. One, with respect to the rule of lenity and the ambiguity of the statute, I think under any circumstances there aren't any ambiguities in the statute. It's clear that under the reckless homicide in effect in 2000 when the offense was committed, the legislature intended that if one was driving while under the influence of alcohol and killed people based on reckless conduct, that they would be punishable by 3 to 14 years, and it remains that way. I don't see any ambiguity that would lead to the rule of lenity being applied here. This isn't the traditional sense in which the rule of lenity is applied, and in any event we don't think there's any ambiguity that would necessitate that. Again, I guess I would like to just, the term element of the offense, I guess that's maybe our biggest problem here with respect to the argument about sentencing enhancements or not, and I think the bigger picture of that is that it's clear that all of these things, whether they were artfully legislated or not, it's clear that the legislature was looking for the people to prove that the defendant was engaging in this conduct, including driving while under the influence of alcohol or drugs, when the offense is committed in order to qualify for that sentencing range. And so whether we call it what in Illinois we call elements of the offense versus incensing factors or whether it's sort of a larger picture of maybe what the Supreme Court intended in Apprendi, in any event, obviously we needed to prove those things beyond a reasonable doubt, and we did to a jury. Again, unless there are any further questions, we would ask that the decision of the appellate court be reversed. Thank you, Ms. Hoffman. Thank you, Ms. Hamel. Case number 104-029, People of the State of Illinois v. Richard S. Gonkars, is taken under advisement as agenda number one.